Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Michelle Peterson**, an Arizona resident; | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Chino Valley Mobile Home Ranch, LLC**, an Arizona company; **Gary Beck**, an Arizona resident; and **Jennifer Beck**, an Arizona resident; | |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Michelle Peterson ("**Plaintiff**"), for her Verified Complaint against Defendants Chino Valley Mobile Home Ranch, LLC (**"Chino Valley"**); Gary Beck; and Jennifer Beck, hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff's state law claim is sufficiently related to her federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute pursuant to 28 U.S.C. § 1367.

6. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Michelle Peterson resided in the District of Arizona.

8. Plaintiff Michelle Peterson was a full-time employee of Defendants from in or around January 2010, until on or around April 11, 2022 ("**all relevant times**").

9. At all relevant times to the matters alleged herein, Plaintiff Michelle Peterson was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times to the matters alleged herein, Plaintiff Michelle Peterson was an employee of Defendants as defined by A.R.S. § 23-362(A).

11. Defendant Chino Valley is a company authorized to do business in Arizona.

12. At all relevant times to the matters alleged herein, Defendant Chino Valley was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13. At all relevant times to the matters alleged herein, Defendant Chino Valley was Plaintiff's employer as defined by A.R.S. § 23-362(B).

14. Defendant Gary Beck is an Arizona resident.

15. Defendant Gary Beck has directly caused events to take place giving rise to this action.

16. Defendant Gary Beck is a member of Chino Valley.

17. Defendant Gary Beck is an employer of Chino Valley.

18. Defendant Gary Beck has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

19. Defendant Gary Beck has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

20. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Gary Beck is an employer.

21. Defendant Gary Beck had the authority to hire and fire employees.

22. Defendant Gary Beck interviewed and hired Plaintiff Michelle Peterson in or around January 2010.

23. Defendant Gary Beck determined the rate and method of Plaintiff's payment of wages.

24. Defendant Gary Beck told Plaintiff she would not be paid an hourly wage.

25. Defendant Gary Beck supervised and controlled the conditions of Plaintiff's employment.

26. Defendant Gary Beck would instruct Plaintiff of when she was allowed to leave the property.

27. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Gary Beck is subject to individual and personal liability under the FLSA.

28. Defendant Jennifer Beck is an Arizona resident.

29. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Jennifer Beck and Defendant Gary Beck were legally married.

30. Defendant Jennifer Beck and Defendant Gary Beck have caused events to take place giving rise to this action as to which their marital community is fully liable.

31. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

32. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

33. Defendants, and each of them, are sued in both their individual and corporate capacities.

34. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

35. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at

least $500,000 in 2010.

36. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2011.

37. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2012.

38. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2013.

39. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2014.

40. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2015.

41. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2016.

42. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2017.

43. Plaintiff has a good faith reasonable belief that in her work for Defendants,

she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

44. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

45. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

46. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

47. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

48. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

49. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

50. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

51. Plaintiff would use the telephone to communicate with Defendant Gary Beck.

52. Under the FLSA, Plaintiff is a covered employee under individual coverage.

53. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

54. The entity Defendant is a mobile home RV park.

55. On or around January 2010, Plaintiff Michelle Peterson commenced employment with Defendants as a property worker.

56. Plaintiff's primary job duties included landscaping, property upkeep, and providing customer service to residents.

57. From in or around January 2010 until in or around December 2012, Plaintiff was not paid any wages.

58. In or around December 2012, Plaintiff was paid a monthly wage of $550.

59. Plaintiff was a non-exempt employee.

60. Plaintiff performed manual-labor work.

61. Plaintiff was on call at all hours because she lived at the RV park.

62. Plaintiff kept a handwritten record of some of the hours she worked.

63. Defendants provided lodging to Plaintiff.

64. Plaintiff's lodging benefitted Defendants.

65. Plaintiff's lodging did not primarily benefit her.

66. Defendants did not maintain accurate records of the costs incurred in the furnishing of the lodging.

67. Plaintiff did not receive regular invoices or deductions on her paystubs for the lodging.

68. Plaintiff was required to be on-call at the property location.

69. If there was a problem, Plaintiff was required to leave her trailer and work.

This benefitted Defendants for having her live at the provided lodging.

70. Plaintiff was misclassified as an independent contractor.

71. Plaintiff did not have an opportunity for profit or loss based on her work for Defendants.

72. Plaintiff did not invest in equipment or materials in her work for Defendants.

73. Plaintiff did not employ any helpers in her work for Defendants.

74. Plaintiff's work for Defendants did not require a special skill.

75. Plaintiff worked for Defendants for over ten years.

76. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

77. Plaintiff was paid well below minimum wage for the hours she worked.

78. Plaintiff did not receive any wages for the hours she worked in April 2022.

79. Therefore, because she received $0.00 for her last paycheck for hours worked, an FLSA and AMWS violation has occurred.

80. Defendants failed to properly compensate Plaintiff for all her overtime and regular hours.

81. Plaintiff worked in excess of 40 hours per week.

82. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

83. For example, during the work week of November 1, 2021, Plaintiff estimates that she worked around 45 hours.

84. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

85. Defendants required her to work overtime as a condition of her employment.

86. Defendants wrongfully withheld wages from Plaintiff by failing to pay all

wages due on her next paycheck.

87. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

88. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

89. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

90. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

91. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

92. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

93. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

94. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

95. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

96. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

97. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

98. Defendants have not made a good faith effort to comply with the FLSA.

99. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

100. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

101. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

102. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

103. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

104. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

105. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

106. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

107. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

108. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

109. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

110. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

111. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

112. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

113. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

114. Defendants have not made a good faith effort to comply with the FLSA.

115. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

        ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

        iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

        iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

        v. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

        vi. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B.   For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C.   For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.   For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F.   Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED August 10, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Michelle Peterson declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*M. Peterson*
_____
Michelle Peterson